UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GABRIEL CHAVES,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : | 3:21cv428 (KAD) |
| | : | |
| COMMISSIONER OF THE<br>DEPARTMENT OF CORRECTIONS,<br>    Defendant. | : <br> : <br> : | |

### INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

The plaintiff, Gabriel Chaves, a sentenced prisoner[1] in the custody of the Connecticut Department of Correction ("DOC"), currently housed at Cheshire Correctional Institution ("Cheshire") filed this civil rights complaint under 42 U.S.C. § 1983 against DOC Commissioner Angel Quiros, alleging federal and state constitutional violations. ECF No. 1.

The court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

The court is unable to read most of Chaves's complaint due to the faintness of the copy efiled on the court docket. From the complaint's allegations that can be discerned, it appears that Chaves raises Fourteenth Amendment due process concerns arising out of the adjudication of

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC website reflects that on October 16, 2020, Chaves received a three-year sentence (maximum release date 10/16/2021) and that he is housed at Cheshire. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=354564.

1

disciplinary tickets, but it does not appear that he has alleged the direct personal involvement of Commissioner Quiros in any constitutional violation. ECF No. 1 at 9. The court can barely make out Chaves' allegations in his prayer for relief, although it is clear that he requests some form of declaratory relief, an injunctive order, and what may be $130,000. ECF No. 1 at 10.

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation omitted). The Second Circuit has defined "personal involvement" to mean direct participation, such as "personal participation by one who has knowledge of the facts that rendered the conduct illegal," or indirect participation, such as "ordering or helping others to do the unlawful acts." *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (citation omitted). To "hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020). Thus, to the extent discernable, Chaves's current complaint does not likely raise any plausible constitutional claims for damages against Commissioner Quiros in his individual capacity. As to official capacity claims for which Chaves seeks injunctive or declaratory relief, the Complaint is unreadable so any such claims cannot be properly reviewed.

Accordingly, the complaint is DISMISSED without prejudice. Chaves may file an amended complaint that is both legible and that includes factual allegations describing the defendant's personal involvement in any purported constitutional violation. Chaves may file his amended complaint on or before **July 8, 2021.** The amended complaint will completely replace the first complaint. No portion of the pending complaint shall be incorporated into his amended

complaint by reference. Chaves is advised that if he does not file an amended by **July 8, 2021,** the Court will dismiss this action without prejudice for failure to state a claim upon which relief may be granted and direct the Clerk of the court to close this case.

    **SO ORDERED** this 8th day of June 2021 at Bridgeport, Connecticut.

                          /s/_____
                          Kari A. Dooley
                          United States District Judge